IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SAUL AVILA,

                Plaintiff,

    v.

CITY OF SALEM, OREGON;
JERRY MOORE; BRUCE FINERAN;

                Defendants.

No. 6:16-cv-00493-HZ

OPINION & ORDER

Saul Avila
1212 Hemlock Loop
Independence, OR 97351

    Plaintiff Pro Se

Sarah D. Foreman
City Attorney's Office
555 Liberty Street, Suite 205
Salem, OR 97301

    Attorney for Defendants

1- OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendants move to dismiss this case due to Plaintiff's failure to prosecute. The Court grants Defendants' motion.

BACKGROUND

Plaintiff filed his complaint *pro se* on March 23, 2016. Compl., ECF 2. On May 22, 2016, attorney Leonard Berman entered a Notice of Association of Counsel. Notice, ECF 8. Two weeks later, Plaintiff filed an amended complaint. Am. Compl., ECF 9. The Court held a Rule 16 Conference on August 15, 2016, in which it ordered discovery to be completed by November 16, 2016. Minutes, ECF 18. On September 23, 2016, Mr. Berman filed a motion to withdraw representation in this case. Mot. Withdraw, ECF 21. In response, Defendants requested a hearing to discuss several issues with discovery. Def. Resp. Mot. Withdraw, ECF 23.

Defendants' counsel, Sarah Foreman, submitted a declaration in which she stated that, on August 11, 2016, Defendants served their First Request for Production and Interrogatories ("Discovery Request") on Plaintiff. Foreman Decl. ¶ 3, ECF 24. Plaintiff's response was due on or about September 15, 2016. Id. Plaintiff never responded. Id.

The Court granted Mr. Berman's motion to withdraw on October 14, 2016. Minutes, ECF 26. On October 24, 2016, Defendants moved to compel production of documents in response to the Discovery Request. Mot. Compel, ECF 27. Defendants also asked the Court to dismiss this case if Plaintiff failed to produce the requested discovery. Id. On November 16, 2016, this Court granted Defendants' motion in part. Order, ECF 29. The Court granted the motion to compel and ordered Plaintiff to respond to Defendants' Discovery Request within 21 days of the order. Id. The Court denied Defendants' motion to dismiss; however, the Court stated that Defendants

could renew their motion if Plaintiff failed to comply with the Court's order to compel production. Id.

Plaintiff failed to comply with this Court's November 16, 2016 Order granting Defendants' motion to compel production of the Discovery Request. Foreman Decl. II ¶ 4, ECF 32. Defendants' counsel declares that she spoke to Plaintiff on December 8, 2016. Id. at ¶ 2. According to Defendants' counsel, Plaintiff "said he was okay with 'giving up the case' and did not object to Defendants' Renewed Motion to Dismiss." Id. Defendants filed their Motion to Dismiss for Lack of Prosecution on December 9, 2016. Mot. Dismiss, ECF 31. Plaintiff did not respond.

This Court issued an Order to Show Cause on December 27, 2016, in which it ordered Plaintiff to appear in writing within 14 days to show cause why this case should not be dismissed for failure to prosecute. Plaintiff failed to appear.

## STANDARD

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Subject to a few exceptions detailed in the Rule, a dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

The Court must weigh five factors to determine whether dismissal under Rule 41(b) is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Moss v. The City of Los Angeles, No. 12-57117, 2016 WL 5224360, at *1 (9th Cir. Sept. 22, 2016) (citing Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010)). Dismissal may be affirmed

when at least four factors favor dismissal or at least three factors strongly favor dismissal. Calloway v. Hayward, 651 F. App'x 637, 639 (9th Cir. 2016) (citing Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).

## DISCUSSION

The Court applies the Ninth Circuit's five-factor balancing test and concludes that dismissal of this case is warranted.

The first factor, the public's interest in expeditious resolution of litigation, "always favors dismissal." Calloway, 651 F. App'x at 639 (quoting Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002)).

The second factor, the Court's need to manage its docket, weighs in favor of dismissal as well. Plaintiff's petition "has consumed some of the court's time that could have been devoted to other cases on the docket." See Pagtalunan, 291 F.3d at 642 (noting that "it is incumbent upon the court to manage its docket without being subject to routine noncompliance of litigants"). This case was filed nearly 10 months ago yet Plaintiff has failed to produce any discovery to Defendants. Plaintiff has provided no indication since filing his Amended Complaint in June of 2016 that he intends to move this case forward. Furthermore, he does not challenge Ms. Foreman's declaration stating that Plaintiff indicated he was going to give up pursuing the case.

The third factor, risk of prejudice to Defendants, weighs slightly in favor of Defendants. Defendants argue that delay inherently increases the risk that witnesses' memories will fade and evidence will become stale. While the Court agrees, it also notes that, while "the mere pendency of a lawsuit is prejudicial . . . it cannot, by itself, be considered prejudicial enough to warrant dismissal." Id. (citing Ash v. Cvetkov, 739 F.2d 493, 495 (9th Cir. 1984)).

The fourth factor, the public policy favoring disposition of cases on their merits, inherently weighs against dismissal. Id. (citing Pagtalunan, 291 F.3d at 643).

The last factor, the availability of less drastic sanctions, weighs in favor of dismissal. "[A] warning that dismissal will result from disobeying a court order can constitute adequate consideration of alternatives[.]" Id. (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992)). Here, the Court ordered Plaintiff to comply with Defendants' Motion to Compel. Plaintiff failed to comply. Then, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute. Again, Plaintiff failed to comply. Plaintiff has communicated to Defendants and this Court through his actions that he does not intend to prosecute this case. Thus, there are no less drastic sanctions available.

## CONCLUSION

All of the factors except for the public policy favoring disposition of cases on their merits favor dismissal. Accordingly, the Court dismisses this case under Rule 41(b). Defendants' Motion to Dismiss for Lack of Prosecution [31] is granted.

IT IS SO ORDERED.

Dated this \_\_\_26\_\_\_ day of \_\_\_January\_\_\_, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge